## Culbreth v. Philadelphia Electric Company

*Gordon W. Gerber* and *William J. Woodward, Jr.*, of *Dechert, Price and Rhoads*, for plaintiff.

*John P. Penders*, of *Marshall, Dennehey and Warner*, for defendant Darby Township.

SHOYER, J., July 27, 1977—This opinion relates to plaintiff's motion for entry of judgment as to liability against defendant, Darby Township, in accordance with the terms of the court's November 17, 1976, interlocutory order. This court granted plaintiff's motion on February 15, 1977, and defendant, Darby Township, has appealed that order.

## FINDINGS OF FACT

This action involves plaintiff's claim that her seven-year-old son was killed due to the negligence of defendant, Darby Township (hereinafter called "the township"), and others. The docket entries show that the complaint in this matter was filed on January 6, 1976, and that the township was duly served on January 9, 1976. On March 5, 1976, the township filed preliminary objections to the complaint, and at the same time, demanded a jury trial. On May 6, 1976, plaintiff filed her answers to the township's preliminary objections. Also, on that day, it was ordered by Prattis, *J.*, that the township's preliminary objections be dismissed and that the township file an answer to plaintiff's complaint within 20 days from the date thereof.

On May 20, 1976, the township appealed this order to the Superior Court of Pennsylvania. On September 2, 1976, the appeal to the Superior Court was marked withdrawn and discontinued, per certificate of discontinuance dated September 2, 1976.

On September 8, 1976, the township filed interrogatories against plaintiff, together with its answer to plaintiff's complaint, with new matter against all other defendants. On September 15, 1976, plaintiff filed her interrogatories against the township, together with her preliminary objections to the township's interrogatories, and her reply to the new matter of the township. On September 27, 1976, plaintiff answered the township's interrogatories.

The township objected to interrogatory no. 11, concerning photographs of the vicinity of the accident. After personally giving the township's counsel telephone reminders on October 13 and 20,

1976, and sending a letter on October 26, 1976, plaintiff notified the township on November 3, 1976, of her intention to utilize the Rule 4005*(d) procedures. Thereafter, on November 17, 1976, an interlocutory order was entered directing the township to answer plaintiff's unobjectionable interrogatories (i.e., numbers 1 through 10 and 12 through 23) by December 17, 1976, or suffer judgment by default as to liability.

Plaintiff granted the township an additional extension of time until January 1, 1977. The township filed its answers to the interrogatories on December 23, 1976. The answers to interrogatories numbers 1, 3, 4, 5, 6, 12(c), 16, 18, 19, 20, 21 and 22, are merely the words "to be provided."

## CONCLUSIONS OF LAW

Defendant, Darby Township, claims that its answers which read "to be provided" mean the same as "unknown," or that the information is not within the answering person's present knowledge. The facts in this matter do not support defendant's asserted meaning of "to be provided."

Discovery under our rules of court imposes certain obligations on the party to find out what he knows, or to make a reasonable effort to secure the information, within the time specified. Defendant does not disclaim all present knowledge of the facts sought, and surely must possess some information on which it could have based a more responsive answer than "to be provided."

The answers filed to the interrogatories nos. 1, 3, 4, 5, 6, 12(c), 16, 18, 19, 20, 21 and 22, and marked "to be provided," demonstrate a flagrant and transparent effort to thwart the discovery process, and

the meaningful purpose of Rule 4005*(d) [now Rule 145 of Philadelphia Court Rules]. Each and every interrogatory answered "to be provided" dealt with areas within the specific knowledge of defendant. Defendant had over three months to answer, during which time repeated requests were made for answers. Moreover, plaintiff's interrogatories were not filed until nine months had elapsed after the filing of the complaint. Defendant was fully aware of the fact that the suit was progressing toward trial, and could surely have gathered sufficient information in one year in order to answer properly plaintiff's interrogatories. The record clearly shows that plaintiff's counsel exercised considerable forbearance and afforded ample opportunity for defendant to answer the interrogatories.

The record also shows that defendant has tried to delay the discovery proceedings. This is evident by the fact that on February 17, 1977, two days after default judgment was entered, defendant miraculously submitted supplemental answers to the interrogatories marked "to be provided." After review of the answers, it is inconceivable that defendant did not have these same answers prior to the entry of the default judgment. Defendant's tactic was delay, not mere procrastination, and should not be countenanced by the court.

Pa.R.C.P. 4019(a) provides in part: "(a) The court may, on motion, make an appropriate order if (1) a party wilfully fails to file answers or sufficient answers to written interrogatories under Rule 4005. . . . "

Although there are a number of sanctions available to the court under Rule 4019, the interlocutory order of November 17, 1976, notified defendant that the appropriate sanction would be a default

judgment. Instead of answering within the time specified by the order, defendant decided to ask for a continuance and then filed the said answers on December 23, 1976.

In Isenberger v. Schumann, 415 Pa. 217, 203 A. 2d 136 (1964), defendants appealed from a default judgment in which it appeared that in January, 1962, plaintiff served nine interrogatories on defendants, objections to which were overruled by the court on May 21. Complete answers were directed within 20 days, and on October 22, no answers having been filed, plaintiff asked for sanctions pursuant to Rule 4019. The court again directed answers to be filed by November 9, 1962, or suffer a default judgment. On November 9, after the entry of the default judgment, defendants filed answers, seven of which were "patently evasive, vague, argumentative and almost completely unresponsive." The court held that the default judgment had been properly entered under Rule 4019.

Moreover, in this case, where defendant has had ample opportunity to answer, where the questions are within the area of defendant's knowledge, and where the filed answers are likewise "patently evasive and vague," a default judgment under Rule 4019 is properly ordered.

For the reasons given above, judgment by default as to liability was entered against defendant, Darby Township, and in favor of plaintiff, Hattie Culbreth, administratrix of the estate of Dalton Culbreth, deceased, with action to proceed to determine damages.

## FINAL ORDER

And now, February 15, 1977, judgment by default as to liability is entered against defendant,

Darby Township, and in favor of plaintiff, Hattie Culbreth, administratix, with action to proceed to determine damages.